IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201-2525<br><br>Plaintiff,<br><br>v.<br><br>ASSET STRATEGIES INTERNATIONAL, INC.,<br>1700 Rockville Pike, Suite 400<br>Rockville, Maryland 20850-1631<br><br>Defendant. | **COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission (hereinafter "the EEOC," "the Commission," or "Plaintiff") brings this action against Asset Strategies International, Inc. (hereinafter "Defendant") under the Equal Pay Act of 1963 ("the EPA") to correct unlawful employment practices on the basis of sex and to restrain the unlawful payment of wages to an employee of one sex at rates less than the rates paid to employees of the opposite sex. As is alleged with greater particularity below, from at least April 16, 2016 through October 12, 2017, Defendant violated the EPA, by paying Assistant Preferred Client Relations Manager Teri L. Lee lower wages than those paid to males performing equal or less demanding work under similar working conditions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland Southern Division.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of, inter alia, the Equal Pay Act, and is expressly authorized to bring this action by sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

6. Defendant is a full service, tangible asset dealer specializing in precious metals, foreign currency, and rare tangible assets.

## STATEMENT OF CLAIMS

7. From at least April 16, 2016 through October 12, 2017, Defendant violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Teri L. Lee ("Lee") lower wages than those paid to males performing equal or less demanding work under similar working conditions.

   a. On May 4, 2015, Defendant hired Lee as a Preferred Client Relations Representative at an annual salary of $32,000. Defendant subsequently increased her salary to $33,500 on August 1, 2015 and to $35,000 on November 1, 2015.

   b. As a Preferred Client Relations Representative, Lee was responsible for selling and educating clients on the company's products which included precious metals, foreign currency exchange, and rare coins. This involved placing outbound calls, answering inbound calls, and providing customer service to build long-term relationships with Defendant's clients.

   c. Lee consistently received excellent performance evaluations throughout her tenure with Defendant.

   d. On April 16, 2016, Defendant promoted Lee to Assistant Preferred Client Relations Manager, increasing her salary to $40,000 year.

   e. As Assistant Preferred Client Relations Manager, Lee continued her prior sales duties, but also assumed more of an administrative role, training and supervising 6-8 Preferred Client Relations Representatives, covering trades, talking to vendors, updating orders, handling balances not paid off, and assisting the operations manager with checking shipment orders.

   f. At the time of her promotion, Manager Jon Sywers told Lee that in six months if she succeeded she would see another increase to $45,000 which would be closer to other

3

managers' pay. When Lee inquired about receiving the promised increase during her six-month assessment, her new manager Brian Zweig told her that nothing could be done about her pay. On May 11, 2017, Defendant increased her salary only to $43,000.

    g.    As Assistant Preferred Client Relations Manager, Lee supervised at least two recently hired male Assistant Preferred Client Relations Representatives who earned more than she did: Jeff Hall, hired on June 12, 2017 at an annual salary of $55,000 and Jeff Chen, hired on March 21, 2016 at an annual salary of $45,000.

    h.    Lee trained both Hall and Chen in their Assistant Preferred Client Relations Representatives duties.

    i.    Neither Hall nor Chen had any prior experience selling precious metals, foreign currency exchange, and rare coins.

    j.    Lee's position as Assistant Preferred Client Relations Manager position required a higher degree of skill, effort, or responsibility than that of the Assistant Preferred Client Relations Representative positions held by Hall and Chen.

    k.    Lee, Hall, and Chen performed work under similar working conditions.

    l.    On October 12, 2017, Lee resigned.

    8.    As a result of the acts complained of above, Defendant unlawfully withheld the payment of wages due to Lee, who received lower compensation than male employees.

    9.    The unlawful practices complained of in paragraph 7 above were willful.

### PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against females with respect to their compensation and terms and conditions of

employment, and from engaging in retaliation against employees who oppose practices made unlawful by the EPA;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women with regard to pay and eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Teri L. Lee by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and by providing her any other relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D. Order Defendant to pay Teri L. Lee liquidated damages for its willful conduct described in the paragraphs above, in amounts to be determined at trial;

E. Grant such further relief as this Court deems necessary and proper in the public interest;

F. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Philadelphia District Regional Attorney

MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney
Baltimore Field Office

George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
phone: 410-209-2733 | fax: 410-962-4270
maria.salacuse@eeoc.gov